IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN ALEXANDER                                                          PLAINTIFF

vs.                                    Civil No. 2:07-cv-2078

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Karen E. Alexander ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant

to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment

in this matter.

1. **Background:**

Plaintiff filed applications for SSI and DIB on July 26, 2004.  (Tr. 62-65, 323-325).  Plaintiff

alleged she was disabled due to several different impairments, including deafness, degenerative disc

disease, bilateral shoulder impingement, fibromyalgia, and obesity.  (Tr. 15, Finding 3).  In these

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

applications, Plaintiff alleged an onset date of July 18, 2002. (Tr. 62, 323). These applications were initially denied on September 27, 2004 and were denied again on reconsideration on January 11, 2005. (Tr. 40-43, 326-330).

On February 7, 2005, Plaintiff filed a timely request for an administrative hearing on her applications. (Tr. 55). Plaintiff claimed that a hearing was required based upon the following: "My condition hasn't improved. I am unable to work due to the pain." *See id.* The hearing was held on February 15, 2006 in Hot Springs, Arkansas. (Tr. 345-376). Plaintiff was present and was represented by counsel, Patrick McDaniel, at this hearing. *See id.* Plaintiff, Plaintiff's Mother (Georgia Elaine Roach), and Vocational Expert ("VE") Dwight Turner testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained her high school diploma. (Tr. 348-349).

On August 18, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 13-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's disability determination. (Tr. 15, Finding 2). The ALJ determined Plaintiff's deafness, degenerative disc disease, bilateral shoulder impingement, fibromyalgia, and obesity were severe impairments but that they were not medically determinable impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Findings 3-4).

The ALJ also evaluated Plaintiff's subjective complaints and determined her Residual

Functional Capacity ("RFC").  (Tr. 16-19, Finding 5).  The ALJ determined Plaintiff's allegations

regarding her limitations were not totally credible, and the ALJ then determined that Plaintiff

retained the the ability to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity of an individual who can lift 10 pounds
> frequently and 20 pounds occasionally, who can stand or walk 6 hours in an 8-hour
> workday with normal breaks, who can sit 6 hours in an 8-hour workday with normal
> breaks, who cannot work overhead, who is limited in her ability to reach in all
> directions, and who requires an occupation which does not need excellent hearing.

(Tr. 16-17, Finding 5).  *See* 20 C.F.R. § 416.967.

The ALJ then determined, based upon her RFC, that Plaintiff would be unable to perform

any of her Past Relevant Work ("PRW") but would be able to perform work existing in significant

numbers in the national economy.  (Tr. 19-20, Findings 6, 10).  The ALJ based these findings upon

the Vocational Expert's ("VE") responses to several hypothetical questions.  (Tr. 372-373).  First,

in response to a hypothetical from the ALJ, the VE testified that a person with Plaintiff's RFC could

not perform Plaintiff's PRW.  (Tr. 372).  Second, in response to another hypothetical, the VE

testified that a person with Plaintiff's RFC, age, education, and work experience would be able to

perform other jobs existing in significant numbers in the national economy.  (Tr. 372-373).

Specifically, the VE testified that Plaintiff could perform Assembly Work (unskilled, sedentary)

(2,300 such jobs in Arkansas, 40,000 in the region, and 240,000 in the national economy).[2]  (Tr.

373).  The ALJ then concluded, based upon this testimony, that Plaintiff was capable of "making a

successful adjustment to other work that exists in significant numbers in the national economy."  (Tr.

_____

[2] The ALJ incorrectly stated in his August 18, 2006 opinion that, for assembly jobs, there were "240,000 jobs in the national economy and 40,000 jobs in the Arkansas economy, and 23,000 jobs in the regional economy." (Tr. 20).  This finding contradicts the VE's testimony during the administrative hearing on February 15, 2006 and was probably an oversight.  (Tr. 345-376).

20).  Based upon this finding, the ALJ determined that Plaintiff was not under a "disability" as defined by the Act from July 18, 2002 through the date of the ALJ's disability determination.  (Tr. 20, Finding 11).

On October 17, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 9).  On July 6, 2007, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the final decision of the SSA.  (Tr. 5-7).  *See* 20 C.F.R. § 404.984(b)(2).  On July 31, 2007, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 20, 2007.  (Doc. No. 5).  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

4

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings this appeal claiming the following: (1) the ALJ's pain analysis was improper; (2) the ALJ erred in evaluating Plaintiff's RFC; (3) the ALJ improperly discounted the opinions of Plaintiff's treating physician; (4) the ALJ erred in his credibility determination; and (5) the ALJ failed to consider Plaintiff's obesity. (Doc. No. 14, Pages 6-12). In response, Defendant claims that the ALJ's disability determination is supported by substantial evidence in the record.[3] (Doc. No. 8, Pages 2-6). Specifically, Defendant claims that the ALJ properly evaluated, and properly discounted, Plaintiff's subjective complaints in accordance with the requirements of *Polaski*. *See id.* at 2-4. Defendant also claims that the VE's testimony provides substantial evidence supporting the ALJ's disability determination. *See id.* at 4-6. Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first and fourth claims.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ

---

[3] Defendant's brief was filed a week before Plaintiff's brief. Therefore, Defendant did not have the opportunity to directly respond to each of the specific issues Plaintiff raised in her appeal brief.

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

After reviewing the ALJ's opinion, this Court finds that the ALJ noted *no inconsistencies* in his opinion between Plaintiff's subjective complaints and the record. (Tr. 16-19). The ALJ merely outlined some of the *Polaski* factors, noted some of the facts relevant in Plaintiff's case, and made the following finding:

> The undersigned Administrative Law Judge has considered the medical evidence, the claimant's testimony and the above-enumerated factors. The appearance and demeanor of the claimant has also been considered. After a review of the entire record, it is found that any pain and discomfort suffered by the claimant would not preclude the performance of an individual who can lift 10 pounds frequently and 20 pounds occasionally, who can stand or walk 6 hours in an 8-hour workday with

7

normal breaks, who can sit 6 hours in an 8-hour workday with normal breaks, who cannot work overhead, who is limited in her ability to reach in all directions, and who requires an occupation which does not need excellent hearing [to] work.

(Tr. 18). In this case, the ALJ did not note any inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 16-19). The ALJ's analysis is insufficient under *Polaski*. This case must be reversed and remanded for further consideration of *Polaski,* and in his credibility determination, the ALJ should fully consider the fact that Plaintiff has an lengthy work history considering her young age (having worked for Tyson for fifteen years). *See O'Donnell v. Barnhart,* 318 F.3d 811, 817 (8th Cir. 2003) (noting that a consistent work record prior to the onset of the alleged disability supports a claimant's credibility).

Furthermore, as Plaintiff noted in her appeal brief, the ALJ's opinion is unclear as to whether Plaintiff retains the RFC to perform *light* or *sedentary* work. (Doc. No. 14, Page 8). In his disability determination, the ALJ found that Plaintiff could perform a wide range of light work. *See* Discussion, *supra.* The ALJ, however, also stated the following in his discussion of Plaintiff's RFC: "The claimant does have impairments that limit her to *sedentary* work with no reaching overhead and a job that does not require excellent hearing to perform." (Tr. 19). It is, therefore, unclear as to whether retains the RFC for *light* or *sedentary* work. On remand, the ALJ should further develop the record on this issue.

Plaintiff also noted that the ALJ apparently erred in evaluating the other work Plaintiff could perform in the national economy. At Step Five of his analysis, the ALJ found Plaintiff could do Assembly Work. (Tr. 19-20, Finding 10). The VE testified that Plaintiff could do this work, even

with the limitation on her ability to reach overhead.[5]  (Tr. 372-373).  Plaintiff, however, has submitted the job descriptions for Assembly Work, and it appears that all of the jobs require either constant or frequent lifting.  (Doc. No. 8, Exhibit A).  On remand, the ALJ should more fully evaluate whether Plaintiff can perform other work in the national economy, even with the limitation in her ability to reach.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of July, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5]In his RFC determination, the ALJ found that Plaintiff was "limited in her ability to reach in all directions." (Tr. 16, Finding 5).  In the ALJ's hypothetical to the VE, however, the ALJ stated that Plaintiff "cannot work overhead."  (Tr. 372).  This is also another inconsistency in the ALJ's disability determination that must be further addressed on remand.